# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**TALISA RENEE MOORE,**

          **Plaintiff,**           **CIVIL ACTION NO. 14-cv-11324**

          **v.**           **DISTRICT JUDGE MATTHEW F. LEITMAN**

**LENDERLIVE NETWORK, INC.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

          **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant LenderLive Network, Inc.'s Motion to Dismiss. (Docket no. 11.) Plaintiff Talisa Renee Moore filed a Response to Defendant's Motion (docket no. 17), and Defendant filed a Reply to Plaintiff's Response (docket no. 19). Also pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. (Docket no. 18). Defendant responded to Plaintiff's Motion (docket no. 20), and Plaintiff replied to Defendant's Response (docket no. 21). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 13.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I. RECOMMENDATION

For the reasons that follow, the undersigned recommends that Defendant's Motion to Dismiss (docket no. 11) be **GRANTED** and that Plaintiff's Motion For Leave to File First Amended Complaint (docket no. 18) be **DENIED.** Therefore, this matter should be dismissed in its entirety with prejudice.

II.     **REPORT**

A.     **Facts and Procedural History**

On March 31, 2014, after receiving an unfavorable determination from the Equal Employment Opportunity Commission, Plaintiff filed a *pro se* Complaint of Employment Discrimination pursuant to Title VII of the Civil Rights Act of 1964 with the Court. (*See* docket no. 1.) On the MIED EEOC Civil Complaint form, Plaintiff alleged that Defendant's conduct was discriminatory by checking the box next to "ADA-defined disability/other:" and writing the word "Retaliation" on the line provided next to other. (*Id*. at 2.) Although not entirely clear, the most logical construction of Plaintiff's allegation is that Defendant discriminated and retaliated against her on the basis of a disability under the Americans with Disabilities Act (ADA).

In a handwritten statement attached to the form complaint, Plaintiff provides an account of the events surrounding her termination. (*Id*. at 3-4.) Plaintiff alleges that on or about January 15, 2013, her manager initiated a confrontation with her. Plaintiff claims that she reported the confrontation to her manager's supervisor, and her manager was reprimanded. Plaintiff asserts that she also filed harassment charges against her manager with an employee in the Human Resources Department. Plaintiff reports that her manager then told another employee that she was going to do everything in her power to fire Plaintiff. Plaintiff's manager allegedly began to harass Plaintiff "regard [sic] everything [she] had done including [her] mom's health issues." Plaintiff claims that she then submitted documents for, and a Human Resources employee approved, intermittent leave for Plaintiff to care for her mother. Plaintiff asserts that she was subsequently terminated by the same Human Resources employee and that she was later contacted by her manager, who advised that Plaintiff needed to be fired because she needed to stay home to care for her mother. Plaintiff further

claims that after her termination, she spoke with the Vice President of Human Resources, who told her that her request for intermittent leave was approved in error and that her employment would not be reinstated.

Defendant filed the instant Motion to Dismiss Plaintiff's *pro se* Complaint on May 5, 2014. (Docket no. 11.)  Approximately one month later, counsel filed an appearance on behalf of Plaintiff in this matter.  (Docket no. 16.)  On July 3, 2014, Plaintiff, with representation, concurrently filed a Response to Defendant's Motion to Dismiss and a Motion for Leave to File First Amended Complaint.  (Docket nos. 17 and 18.)  In her Response to Defendant's Motion to Dismiss, Plaintiff does not respond to Defendant's arguments against her *pro se* Complaint or advocate against its dismissal in any way; Plaintiff solely requests that the Court dismiss her *pro se* Complaint without prejudice contingent upon the Court granting her Motion for Leave to File First Amended Complaint.  (*See* docket no. 17.)  Thus, while Plaintiff's Motion for Leave to File First Amended Complaint has been referred to the undersigned for ruling in a separate opinion and order, it is inextricably intertwined with Defendant's Motion to Dismiss and will be addressed in this Report and Recommendation.

### B.     Governing Law

#### 1.     *Motion to Amend Standard*

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or

the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Factors relevant to the determination of whether to permit an amendment include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).  To determine whether an amendment would be futile, the court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Dep't of Veterans Affairs*, No. 10-CV-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

### 2.    *Motion to Dismiss Standard*

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)).  But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "facial plausibility" is required to "unlock the doors of discovery." *Id.*  To make this determination, the

*Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

### C.   Analysis

#### 1.   *Plaintiff's Motion for Leave to File First Amended Complaint [18]*

Plaintiff, represented by counsel, filed a Motion for Leave to File First Amended Complaint on July 3, 2014, along with a Proposed First Amended Complaint.  (Docket nos. 18 and 18-1.) Plaintiff's Proposed First Amended Complaint is a complete revision of her *pro se* complaint; it sets forth an entirely different set of factual allegations and claims.  (*Compare* docket no. 1 *with* docket no. 18-1.)  In her proposed complaint, Plaintiff alleges that she was hired by Defendant on May 15, 2012. (Docket no. 18-1 at 3.) On March 13, 2013, Plaintiff requested intermittent leave from March 2013 to December 2013 to care for her mother, who was allegedly suffering from terminal end-stage cancer.  (*Id*. at 3, 6.)  Defendant denied Plaintiff's request on April 3, 2013, on the basis that she was not eligible for leave under the Family and Medical Leave Act (FMLA) because she had not met the FMLA's twelve-month length of service requirement.  (*Id*. at 6.)  Defendant allegedly terminated Plaintiff on April 23, 2013.  (*Id*. at 3.)  Plaintiff asserts that she would have met the twelve-month service requirement to be eligible for FMLA leave twenty days after her termination date.  (*Id*.)  The sole claim in Plaintiff's Proposed First Amended Complaint is that "Defendant interfered with [P]laintiff's FMLA rights by terminating her in order to avoid providing her with FMLA leave rights when she became eligible for FMLA intermittent leave."  (*Id*. at 4.)

-5-

The Family and Medical Leave Act entitles an eligible employee to a total of twelve weeks of leave during any twelve-month period in order to care for his or her parent, if the parent has a serious health condition. 29 U.S.C. § 2612(a)(1)(C). The Sixth Circuit recognizes two distinct theories of recovery under the FMLA: the "interference" theory and the "retaliation" theory. *Gates v. U.S. Postal Serv.,* 502 F. App'x 485, 488 (6th Cir. 2012) (citing *Hoge v. Honda of Am. Mfg., Inc.,* 384 F.3d 238, 244 (6th Cir. 2004)).[1] The "interference" theory is derived from 29 U.S.C. § 2615(a)(1), which states that it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). To prevail on an FMLA-interference claim, a plaintiff must demonstrate that "(1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied [or interfered with] the employee['s] FMLA benefits to which she was entitled." *Wallace v. FedEx Corp.,* 764 F.3d 571, 585 (6th Cir. 2014) (quoting *Edgar v. JAC Prods., Inc.,* 443 F.3d 501, 507 (6th Cir. 2006)). The FMLA's "eligible employee" requirement applies to both interference and retaliation claims. *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004).

Here, Plaintiff alleges in her Proposed First Amended Complaint that she was an eligible employee as defined by the FMLA in 29 U.S.C. § 2611(2). (Docket no. 18-1 ¶ 11.) An eligible employee under the FMLA is one who has been employed "for at least 12 months by the employer

---

[1] In her Motion, Plaintiff asserts that her Proposed First Amended Complaint alleges that Defendant terminated her in retaliation for intending to take intermittent FMLA leave upon meeting the twelve-month length of service requirement. In actuality, Plaintiff's Proposed First Amended Complaint only sets forth an FMLA interference claim under 29 U.S.C. § 2615(a)(1). The Court will not address Plaintiff's non-pleaded allegations of retaliation under the FMLA.

2:14-cv-11324-MFL-MKM   Doc # 24   Filed 01/13/15   Pg 7 of 12   Pg ID 319

with respect to whom leave is requested" and "for at least 1,250 hours of service with such employer during the previous 12-month period."  Accepting Plaintiff's allegation that she worked for Defendant from May 15, 2012, to April 23, 2013, as true, Plaintiff's length of employment with Defendant falls short of the twelve-month requirement by twenty-two (22) days.  Therefore, Plaintiff was not an eligible employee under the FMLA and cannot prevail on the interference claim in her Proposed First Amended Complaint.

In her Motion, Plaintiff seemingly argues that she should still be entitled to relief under the FMLA even if she was not an eligible employee.  Plaintiff does this by placing great weight on the Eleventh Circuit's holding in *Pereda v. Brookdale Senior Living Communities, Inc.* "that a pre-eligible employee has a cause of action if an employer terminates her in order to avoid having to accommodate that employee with rightful FMLA leave rights once that employee becomes eligible." 666 F.3d 1269, 1275 (11th Cir. 2012).  Defendant counters Plaintiff's argument by encouraging the Court to follow the unchanged Sixth Circuit precedent, which mandates that a person be an "eligible employee" in order to prevail on an FMLA claim, and by citing to post-*Pereda* case law in this District and other districts in the Sixth Circuit that maintain the "eligible employee" requirement. *See Woida v. Genesys Reg'l Med. Ctr.*, 4 F. Supp. 3d 880, 906 (E.D. Mich. 2014) (Rosen, J.) ("[A]n FMLA claim cannot be maintained by a plaintiff who was not an 'eligible employee.'"); *Dunn v. Chattanooga Publ'g. Co.*, No. 1:12-CV-252, 2013 WL 145865, at *4 (E.D. Tenn. Jan. 14, 2013) (declining to depart from the Sixth Circuit "eligible employee" requirement in light of *Pereda*). After taking the parties' arguments surrounding *Pereda* into account, the undersigned will continue to follow Sixth Circuit precedent and enforce the "eligible employee" requirement in this matter.

Plaintiff also relies on *Skrjanc v. Great Lakes Power Service Co.* to support her Motion, in

-7-

which the Sixth Circuit proclaimed that the right to take twelve weeks of FMLA leave includes the right to declare an intention to take future FMLA leave.  272 F.3d 309, 314 (6th Cir. 2001).  *Skrjanc*, however, is inapposite, as there is one main element that distinguishes the instant matter: the "eligible employee" requirement.  In *Skrjanc*, it was undisputed that the plaintiff had met the length of service requirement and was an eligible employee under the FMLA.  *Id*.  Here, Plaintiff was employed by Defendant for less than one year and was not an eligible employee under the FMLA at any time relevant to this litigation.  Plaintiff's reliance on *Skrjanc* is misplaced.

Finally, in her Reply to Defendant's Response, Plaintiff introduces a new argument that it would be premature to deny her Motion for Leave to File First Amended Complaint prior to discovery because she has not yet had an opportunity to develop a record regarding her theory of recovery.  (Docket no. 21 at 7-8.)  Plaintiff's argument fails for three reasons.  First, it is not the function of a reply brief to raise issues for the first time but rather to respond to those arguments that have already been presented.  *U.S. v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993).  Moreover, discovery is not a license for a fishing expedition wherein the plaintiff may attempt to uncover new claims.  To the contrary, because Plaintiff's Proposed First Amended Complaint is not facially plausible, the doors of discovery on this issue must remain locked.  *Iqbal*, 556 U.S. at 678-79.  Furthermore, to allow the parties to conduct discovery on this issue would not change the fact that Plaintiff is not an "eligible employee" under the FMLA, and, therefore, cannot prevail on an FMLA claim.

For the reasons stated above, the undersigned finds that to allow Plaintiff's Proposed First Amended Complaint would be futile and recommends that Plaintiff's Motion for Leave to File First Amended Complaint be DENIED.

-8-

2.      *Defendant's Motion to Dismiss [11]*

Next, because the undersigned has recommended that Plaintiff's Motion for Leave to File First Amended Complaint be denied, Defendant's Motion to Dismiss Plaintiff's *pro se* Complaint must be addressed.  Defendants filed the instant Motion to Dismiss Plaintiff's Complaint on the basis that Plaintiff has failed to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket no. 11.)  As previously noted, in her Response to Defendant's Motion, Plaintiff does not address any of Defendant's arguments regarding her Complaint; Plaintiff's sole response to Defendant's Motion is that her *pro se* Complaint should be dismissed contingent upon the Court granting her Motion for Leave to File First Amended Complaint.  (*See* docket no. 17.)  Defendant argues that by failing to respond to Defendant's arguments, Plaintiff concedes that her Complaint fails to state a claim.  (Docket no. 19 at 10.)  Nevertheless, the Court will address Defendant's Motion to Dismiss Plaintiff's Complaint on the merits.

As discussed above, Plaintiff's *pro se* Complaint, filed March 31, 2014, seemingly alleges that Defendant discriminated and retaliated against her on the basis of an ADA-defined disability.  (Docket no. 1 at 2.)  Title I of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . discharge of employees."  42 U.S.C. § 12112(a).  To make out such a claim, a plaintiff must show that:

> 1) [the plaintiff] is disabled; 2) [the plaintiff is] otherwise qualified for the position, with or without reasonable accommodation; 3) [the plaintiff] suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced.

*Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir.2011) (citations and internal quotation marks

omitted).   As a fundamental matter, to prevail on a claim under the ADA, a plaintiff must be disabled.   A person is disabled where a physical or mental impairment "substantially limits one or more major life activities" of the individual.   42 U.S.C. § 12102(1)(A).   A major life activity includes caring for oneself, working, speaking, breathing, walking, seeing, and hearing.   § 12102(2)(A).

The undersigned notes that "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted).   Even so, a *pro se* plaintiff's complaint must meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). As Defendant correctly argues, Plaintiff has neither alleged nor can the Court infer that she suffers from a disability or an impairment of any nature.   (Docket no. 11 at 13.)   Plaintiff alleges that her manager harassed Plaintiff "regard [sic] everything [she] had done including [her] mom's health issues" and told Plaintiff that she needed to be fired because she needed to stay home and care for her mom. (Docket no. 1 at 3.)   The undersigned will assume that "everything [she] had done" refers to Plaintiff's allegations that she had reported a confrontation between herself and her manager to her manager's supervisor and filed harassment charges against her manager with the Human Resources Department.   (*See id.*)   Essentially, Plaintiff claims that she was discriminated against and terminated in retaliation for reporting her manager's allegedly harassing behavior toward her to superiors and for needing to care for her mother, neither of which constitute a disability under the ADA.   Plaintiff's Complaint does not state a claim under the ADA.   Even if the Court were to consider Plaintiff's factual allegations under Title VII, Plaintiff's Complaint still fails to state a claim for relief, as Plaintiff sets forth no factual allegations that she is a member of a protected class

-10-

under Title VII.

Plaintiff's *pro se* Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6). Thus, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED and that this matter be dismissed in its entirety.

**D.    Conclusion**

For the above-stated reasons, the undersigned recommends that the Court **GRANT** Defendant's Motion to Dismiss (docket no. 11), **DENY** Plaintiff's Motion for Leave to File First Amended Complaint (docket no. 18), and dismiss this matter in its entirety with prejudice.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.


Dated: January 12, 2015         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE



                        **<u>PROOF OF SERVICE</u>**

        I hereby certify that a copy of this Report and Recommendation was served upon Counsel
of Record on this date.

Dated: January 12, 2015          s/ Lisa C. Bartlett
                                Case Manager